UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEWART RIGGS,

                Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS,
OFFICER BAKER, and SGT. JACKSON,

             Defendants.

No. C11-5627 BHS/KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Under separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* (IFP). The Court has reviewed Plaintiff's civil rights complaint. ECF No. 1. At this time, the Court will not serve the complaint because it is deficient. Plaintiff shall be given an opportunity to submit an amended complaint, as explained below.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER TO AMEND OR SHOW CAUSE- 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the Court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In his complaint, Plaintiff alleges during his transfer from the Washington Corrections Center (WCC) to the Coyote Ridge Corrections Center (CRCC), a dental device valued at $880.00 that was in his property before he left WCC, was not included in the property that was transported with him to CRCC. ECF No. 1, p. 4. Plaintiff alleges that Plaintiff Baker signed the property inventory slip stating that everything marked on the slip was present and in the property bag. However, Plaintiff Baker placed all of his property in one bag despite a rip and despite Plaintiff's concern that the bag was too small. *Id.* The bag broke open several times during the transport and when it arrived at the CRCC, Plaintiff was given his dental cup, but the device was missing. After a search, St. Jackson told Plaintiff that his property could not be found and that he should file a tort claim for his loss. *Id.*, p. 5. Plaintiff grieved his loss and filed a tort claim. The tort claim was denied. *Id.*

As currently plead, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Neither the negligent deprivation of property nor the intentional deprivation of property states a claim under Section 1983 provided the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part of other grds, Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) (state employee's negligent loss of prisoner's hobby kit did not state claim); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional destruction of inmate's property did not state claim). The availability of a state tort action to remedy such losses precludes relief under Section 1983 because it provides adequate procedural due process and therefore no constitutional right has been violated. *King v. Massarweh*, 782

F.2d 825, 826 (9th Cir.1986). Under Washington law, prisoners may avail themselves of the DOC grievance process and/or file tort claims against the state for the unlawful loss or destruction of their personal property. *See* RCW 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of inmate property) and RCW 4.92.090 (state liable for the tortuous conduct of state officials). A prisoner does not have a right to a specific grievance procedure, as long as it is adequate, so that a defendant merely ruling against an inmate's grievance does not contribute to the underlying alleged deprivation. *See Gallaher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009).

Here, Plaintiff alleges that he has availed himself of the prison's grievance procedure and that he had an opportunity to file a tort claim in state court for deprivation of his property. Therefore, he has not stated a claim that is cognizable under 42 U.S.C. § 1983 because a state tort action was available. Even though Plaintiff's tort claim was denied, he was provided adequate due process and therefore, no constitutional right has been violated.

Due to the deficiencies described above, the Court will not serve the complaint. However, Plaintiff shall be given an opportunity to file an amended complaint to cure, if possible, the deficiencies identified by the Court. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the

ORDER TO AMEND OR SHOW CAUSE- 4

original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's constitutional rights.

Accordingly, it is **ORDERED:**

(1) If Plaintiff decides to file an amended civil rights complaint in this action, he shall do so **on or before October 7, 2011.** Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 7,**

ORDER TO AMEND OR SHOW CAUSE- 5

**2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

(2)     **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.


**DATED** this  12th  day of September, 2011.

Karen L. Strombom
United States Magistrate Judge