UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEWART RIGGS,

                      Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS,
OFFICER BAKER, and SGT. JACKSON,

                      Defendants.

No. C11-5627 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: November 4, 2011**

On September 12, 2011, Plaintiff was granted leave to file an amended complaint on or before October 7, 2011. ECF No. 8. Plaintiff has not responded to the Court's Order. The undersigned recommends that the action be dismissed.

## DISCUSSION

In his complaint, Plaintiff alleged that during his transfer from the Washington Corrections Center (WCC) to the Coyote Ridge Corrections Center (CRCC), a dental device valued at $880.00 that was in his property before he left WCC, was not included in the property that was transported with him to CRCC. ECF No. 1, p. 4. Plaintiff alleged that Plaintiff Baker signed the property inventory slip stating that everything marked on the slip was present and in the property bag. However, Plaintiff Baker placed all of his property in one bag despite a rip and despite Plaintiff's concern that the bag was too small. *Id.* The bag broke open several times during the transport and when it arrived at the CRCC, Plaintiff was given his dental cup, but the device was missing. After a search, St. Jackson told Plaintiff that his property could not be

REPORT AND RECOMMENDATION - 1

found and that he should file a tort claim for his loss. *Id.*, p. 5. Plaintiff grieved his loss and filed a tort claim. The tort claim was denied. *Id.*

On the basis of these allegations, the Court found that Plaintiff failed to state a viable cause of action under 42 U.S.C. § 1983 because neither the negligent deprivation of property nor the intentional deprivation of property states a claim under Section 1983 provided the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part of other grds, Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) (state employee's negligent loss of prisoner's hobby kit did not state claim); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional destruction of inmate's property did not state claim). The availability of a state tort action to remedy such losses precludes relief under Section 1983 because it provides adequate procedural due process and therefore no constitutional right has been violated. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986).

Under Washington law, prisoners may avail themselves of the DOC grievance process and/or file tort claims against the state for the unlawful loss or destruction of their personal property. *See* RCW 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of inmate property) and RCW 4.92.090 (state liable for the tortuous conduct of state officials). A prisoner does not have a right to a specific grievance procedure, as long as it is adequate, so that a defendant merely ruling against an inmate's grievance does not contribute to the underlying alleged deprivation. *See Gallaher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009).

REPORT AND RECOMMENDATION - 2

Here, Plaintiff alleged that he has availed himself of the prison's grievance procedure and that he had an opportunity to file a tort claim in state court for deprivation of his property. Therefore, he has not stated a claim that is cognizable under 42 U.S.C. § 1983 because a state tort action was available. Even though Plaintiff's tort claim was denied, he was provided adequate due process and therefore, no constitutional right has been violated.

Based on the foregoing, Plaintiff was advised that he had failed to assert denial of a right secured by the Constitution or laws of the United States. Nevertheless, he was given an opportunity to show cause and/or file an amended complaint to cure, if possible, the deficiencies of his complaint. Plaintiff was given until October 7, 2011 to do so and was warned that if he failed to do so or failed to adequately address the issues raised in the Order to Show Cause, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). ECF No. 9, p. 6.

Plaintiff has not responded to the Court's Order to Show Cause and has not filed an amended complaint. Accordingly, it is recommended that this action be dismissed dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and that the dismissal should count as a "strike" under 28 U.S.C. § 1915(g).

## CONCLUSION

Although he was given leave to amend, Plaintiff failed to respond to this Court's order and has failed to file an amended pleading stating a cognizable claim under 42 U.S.C. § 1983. Accordingly, this case should be **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 3

objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 4, 2011**, as noted in the caption.

    **DATED** this __18th__ day of October, 2011.

                                                    Karen L. Strombom
                                                  United States Magistrate Judge

REPORT AND RECOMMENDATION - 4